# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHERINE MARCANO,<br><br>                               Plaintiff,<br><br>vs.<br><br>SCHINDLER ELEVATOR CORPORATION,<br><br>                               Defendant. | Civil Action No.  23-cv-00201(JMF)<br><br>**STIPULATED DISCOVERY CONFIDENTIALITY ORDER** |

It is hereby stipulated and agreed, by and between the respective parties hereto and their counsel, that this Stipulated Discovery Confidentiality Order shall protect the discovery and dissemination of certain information and documents to be disclosed by the parties, which one or more of the parties' claims contain confidential business information and/or privileged communications.  Accordingly, the following provisions will apply to such documents designated by a party as subject to this Stipulated Discovery Confidentiality Order:

1. Any party who produces or discloses any document, thing, or information in any form (which shall be referred to singularly or collectively as "discovery materials") may designate such discovery materials as subject to this Stipulated Discovery Confidentiality Order when, in the good faith judgment of the party making the disclosure, they contain confidential business information, or other privileged communications, the disclosure of which would be detrimental to that party or to persons to whom the party owes a duty of confidentiality.  "Discovery materials" includes the information both as originally produced and in any other form, including copies, notes, and summaries of such information.

2. Such discovery materials will be stamped or otherwise visibly marked "CONFIDENTIAL - Subject to Stipulated Discovery Confidentiality Order" or will contain a similar designation to identify the materials to which this Stipulated Discovery Confidentiality Order applies.  The inadvertent disclosure of one or more documents that the producing party believes to contain or reflect confidential, proprietary, or privileged communications shall not

9124996-1

constitute a waiver with respect to such discovery materials. In the event of such an inadvertent disclosure of confidential discovery materials, the producing party at any time may provide notice to the other parties directing that all copies of such inadvertently disclosed materials be treated as such, consistent with the terms of this Stipulated Discovery Confidentiality Order.

3. No discovery materials marked or designated as subject to this Stipulated Discovery Confidentiality Order may be used by any recipient of such information, or disclosed to anyone, for any purpose other than in connection with this lawsuit.

4. Unless otherwise ordered by the Court presiding over this matter or permitted in writing by the designating party, information or items designated "CONFIDENTIAL - Subject to Stipulated Discovery Confidentiality Order" may be disclosed by a party only to:

   a. counsel of record in this action, as well as such counsel's employees to whom it is reasonably necessary to disclose the information for this litigation;

   b. Experts (defined as a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   c. the Court and its personnel;

   d. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal material designated as "CONFIDENTIAL - Subject to Stipulated Discovery Confidentiality Order" must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Discovery Confidentiality Order.

5. Any person or firm to whom the discovery materials designated as subject to this Stipulated Discovery Confidentiality Order are to be disclosed shall first be advised by counsel

9124996-1

making the disclosure that, pursuant to this Stipulated Discovery Confidentiality Order, such person or firm may not divulge any such information to any other person.

6. The production of such discovery materials designated as subject to this Stipulated Discovery Confidentiality Order shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that the producing party may have. Nor shall this Stipulated Discovery Confidentiality Order or a party's designation of particular discovery materials as subject to this Stipulated Discovery Confidentiality Order be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any such discovery materials.

7. At any time during the pendency of this litigation, any party receiving any discovery materials designated as subject to this Stipulated Discovery Confidentiality Order may request that specific documents be removed from the protection of this Order. Such request must be made in writing to counsel for the producing party, and must contain a listing of the specific documents or other things that the party seeks to remove from the protection of this Stipulated Discovery Confidentiality Order, and the basis of the request. If the parties are unable to resolve the issue through negotiation, within 45 days of the producing party's receipt of any such request, the producing party may file with the Court an appropriate motion to seek a judicial determination of the confidential status of any document(s) at issue. If such a motion is filed, the document(s) at issue shall remain subject to this Stipulated Discovery Confidentiality Order until such time as the Court orders otherwise.

8. In the event that any discovery materials designated as subject to this Stipulated Discovery Confidentiality Order are included with, or the contents thereof are in any way disclosed in, any pleading, motion or other paper filed with the Clerk of this Court, the inclusion of such confidential documents or information shall comply with the rules of this Court. Upon good cause shown, the Court may order that the use of any such document or of information contained therein and any testimony associated with the confidential information therein shall be held in camera.

9.      During the trial of this case, if any party seeks to introduce into evidence discovery materials designated as subject to this Stipulated Discovery Confidentiality Order, the producing party may request the Court to protect against the dissemination of such documents to those not involved in the trial.

10.     Within 30 days after final termination of this litigation, all copies of documents produced subject to this Stipulated Discovery Confidentiality Order, together with all originals and copies of notes, sketches, data, compilations, extracts, and reproductions, shall be returned to counsel for the producing party, together with a letter stating that all documents and copies of such documents produced subject to this Stipulated Discovery Confidentiality Order have been returned to the producing party, unless the parties otherwise agree in writing. As an alternative, within the same 30-day period, the recipient of documents produced subject to this Stipulated Discovery Confidentiality Order may ensure that all such documents, copies thereof, and those referencing same are destroyed, and that such destruction is confirmed in correspondence to counsel for the producing party. In the event that a third party retains copies of documents produced subject to this Stipulated Discovery Confidentiality Order in violation of the Stipulated Discovery Confidentiality Order, opposing counsel will provide counsel for the producing party with the name and address of all such third parties.

11.     After termination of this litigation, the provisions of this Stipulated Discovery Confidentiality Order shall continue to be binding, and this Court shall retain jurisdiction over the parties, their attorneys and their experts for the enforcement of the provisions of this Protective Order.

~~IT IS SO ORDERED on this _____ day of _____, 2023.~~

                                                                                                         _____
                                                                                                          HON.

**STIPULATED AND AGREED TO**:

s/*Christopher Cellante*
_____
Christopher Cellante, Esq.
Hach & Rose, LLP
112 Madison Avenue, 10th Floor
New York, New York 10016
Attorneys for Plaintiff,
Katherine Marcano


s/*Catherine G. Bryan*
_____
Catherine G. Bryan, Esq.
Connell Foley LLP
One Newark Center
1085 Raymond Boulevard, 19th Floor
Newark, New Jersey 07102
Attorneys for Defendant,
Schindler Elevator Corporation

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

SO ORDERED.

*[signature]*

August 14, 2023

9124996-1

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Discovery Confidentiality Order that was issued by the United States District Court, Southern District of New York, on _____[date] in the case of **Katherine Marcano v. Schindler Elevator Corporation**, **Civil Action No. 23-cv-00201(JMF)**.

I agree to comply with and to be bound by all the terms of this Stipulated Discovery Confidentiality Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Discovery Confidentiality Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Discovery Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

9124996-1